UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BRENDA JOYCE POSPECH,             Case No. 23–CV–1122 (PJS/DLM)

      Petitioner,

v.                                                        ORDER

MICHAEL SEGAL, Warden,

      Respondent.

---

Brenda Joyce Pospech, pro se.

This matter is before the Court on petitioner Brenda Joyce Pospech's objection to the May 9, 2023 Report and Recommendation ("R&R") of Magistrate Judge Douglas L. Micko.[1] Judge Micko recommends denying Pospech's petition for a writ of habeas corpus. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Pospech's objection and adopts Judge Micko's R&R.

Only one matter merits comment. Under the First Step Act of 2018, a prisoner "who successfully completes evidence-based recidivism reduction programming or

---

[1] The Court construes what Pospech labels as an "addendum" to her petition to be an objection to the R&R, as the "addendum" reasserts Pospech's interpretation of 18 U.S.C. § 3632(d)(4)(A)—an interpretation that is at odds with Judge Micko's interpretation. *See* Addendum 3, ECF No. 6. The "addendum" also copies its text from an objection to an R&R filed in a nearly identical case. *See* Obj. to R&R, *Valdez-Garcia v. Segal*, No. 23-CV-0836 (PJS/DTS) (D. Minn. May 9, 2023), ECF No. 6.

productive activities" is generally eligible to "earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). The thrust of Pospech's petition and objection is that she is entitled to additional time credits for successfully participating in multiple qualifying programs on the same day.[2] *See* Pet. Addendum 1, ECF No. 1-1; Addendum 3, ECF No. 6. In other words, Pospech argues that, if she participates in three one-hour programs during a single day, she has participated in three days of "programming."

The Court agrees with Judge Micko that Pospech's interpretation is plainly wrong. Section 3632(d)(4)(A) clearly requires that time credits be based on the number of days spent in *programming*, not on the number of *programs*. A prisoner who participates in one program on Thursday, June 29, 2023 has participated in one day of programming. A prisoner who participates in five programs on Thursday, June 29, 2023 has likewise participated in one day of programming. Because the statute is clear—and because the BOP's interpretation is consistent with the clear meaning of the statute—the Court need not address to what extent the BOP's interpretation is entitled

---

[2]Pospech appears to invoke 18 U.S.C. § 3632(d)(4)(A)(ii), which provides that a "prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism" can earn 15 time credits for every 30 days of participation in qualifying programming. *See* Pet. 7, ECF No. 1.

to judicial deference under *Chevron, U.S.A., Inc. v. Nat'l Res. Def. Council*, 467 U.S. 837 (1984).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 6] and ADOPTS the R&R [ECF No. 5]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Petitioner Brenda Joyce Pospech's petition for a writ of habeas corpus [ECF No. 1] is DENIED; and

2. Petitioner's application to proceed *in forma pauperis* [ECF No. 4] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 29, 2023

_____
Patrick J. Schiltz, Chief Judge
United States District Court